JAMES McKINSTRY *et al.* v. THE CITIZENS' BANK OF WICHITA *et al.*

No. 8650.

PRINCIPAL AND AGENT—*ratification of unauthorized purchase of land, ratifies mortgage given for purchase money.* One who accepts the benefits of a contract, made without authority in his behalf, after being fully informed of all its terms, must also accept the burdens imposed on him by the contract; and where C. without authority purchases and has conveyed to M. a tract of land for which a part of the purchase price is paid in cash and a mortgage is executed for the unpaid balance in the name of M., by C. as his attorney in fact, if the grantee accepts the deed and retains the land, he must also accept the mortgage for the unpaid purchase money.

*Error from Sedgwick District Court.*

*Hon. C. Reed, Judge.*

AFFIRMED.　　　　　　OPINION FILED OCTOBER 10, 1896.

*McKinstry & Fairchild,* for plaintiffs in error; *J. D. Houston,* of counsel.

No appearance for defendants in error.

ALLEN, J.　The Citizens' Bank of Wichita brought suit against Grant A. Hatfield and wife and James McKinstry and wife on a note for $3,148 and interest, and to foreclose a mortgage on certain lands therein described, alleged to have been executed by the defendants Hatfield and wife, in person, and by the defendants McKinstry and wife, by W. R. Colcord, their attorney in fact.　McKinstry and wife answered alleging ownership of an undivided half of the lands described in the petition, but denying the execution of the note and mortgage and the authority of any person to execute such note and mortgage for them. The plaintiff claimed the note and mortgage by assignment from Butler & Fisher.　Hatfield and wife

answered pleading a judgment in a former action brought by Butler & Fisher to foreclose the same mortgage. The case was tried before the Court without a jury. It was admitted at the trial that on and prior to March 15, 1897, Butler & Fisher were the owners of the property covered by the mortgage. It was shown by the evidence that on that day they sold the land to Hatfield and Colcord, claiming to act on behalf of McKinstry; that Butler & Fisher executed a deed to Hatfield and McKinstry, conveying the land to them for an expressed consideration of $8,148. Of this sum it appears that $5,000 was paid in cash, and the mortgage in suit was executed for the balance. Colcord held a power of attorney from McKinstry and wife to sell and convey all real estate held by them in Sedgwick County. The power of attorney does not in terms authorize the execution of notes or mortgages. On the 20th of October, 1887, Hatfield and wife executed a deed to McKinstry for the undivided half of a certain part of the land, covenanting against all incumbrances, except one-half of a $3,148 mortgage and interest, and Colcord, as attorney in fact for McKinstry and wife, executed to Hatfield a deed conveying to him the undivided one-half of another part of the land, covenanting against all incumbrances except the $3,148 mortgage. At the trial McKinstry testified that he claimed the land, and had no source of title other than the deed from Butler & Fisher. The Court found in favor of the plaintiff that there was due from the defendant the sum of $2,114.41, which was a lien on the lands in controversy, and rendered judgment foreclosing the mortgage.

The contention of the plaintiff in error is that Colcord was never authorized to execute the note and

mortgage and that it is therefore void; that in this State there is no such a thing as a vendor's lien for purchase money, where no writing is duly executed securing it; that the power of attorney by its express terms authorized Colcord only to sell and convey the lands of McKinstry, and that parties dealing with him were chargeable with notice of the limitations of his authority as defined in the power of attorney.

We are not furnished any brief by the defendant in error, nor has any oral argument been made in its behalf. It is apparent, however, that the plaintiff in error seeks to retain the benefit of the contract made in his behalf by Colcord and to repudiate the burden. This he cannot do. He must either accept or reject the transaction as a whole. If he retains the land, as by his answer he claims the right to do, he must pay for it according to the terms of the contract under which he got title to it. This is in accordance with the plainest and best established principles of equity. The plaintiff cannot ratify so much of the transaction as is beneficial to him and reject so much as is burdensome. An entirely different question would be presented if, when informed of the contract, he had tendered a reconveyance of the land and demanded a return of the purchase money. Nothing of this kind was attempted. The deed itself, under which he claims, shows the consideration paid to have been $8,148. There is no claim that more than $5,000 was paid in cash, and Hatfield and Colcord, who assumed the right to act and did act in McKinstry's behalf, executed the mortgage in controversy for the balance. Conceding that the mortgage was utterly void when executed so far as McKinstry was concerned, when he accepted the conveyance of the land and asserted title to it, he ratified everything that his

unauthorized agent had done of which he was informed when he so accepted the title.

The judgment is affirmed.

All the Justices concurring.